DocuSign Envelope ID: B690E718-30B6-410E-AE87-2D7D18369SN8

# STANDARD AGREEMENT FOR THE SALE OF REAL ESTATE

**ASR**

This form recommended and approved for, but not restricted to use by, the members of the Pennsylvania Association of Realtors® (PAR).

## PARTIES

| | |
|---|---|
| **BUYER(S): Edward F Behr** <br> **Diane J Behr** | **SELLER(S): Susan Koerner** |
| **BUYER'S MAILING ADDRESS:** <br> **719 Norwegian Spruce Dr, Mars, PA 16046** | **SELLER'S MAILING ADDRESS:** <br> **608 Village Green Blvd, E, Mars, PA 16046** |

## PROPERTY

ADDRESS (including postal city) **608 Village Green Blvd, E, Mars, PA 16046**

ZIP **16046**

in the municipality of **Adams Township** , County of **Butler** ,

in the School District of **Mars Area** , in the Commonwealth of Pennsylvania.

Tax ID #(s): _____ and/or

Identification (e.g., Parcel #; Lot, Block; Deed Book, Page, Recording Date): **010-S16-AT28B-0000**

## BUYER'S RELATIONSHIP WITH PA LICENSED BROKER

[ ] **No Business Relationship (Buyer is not represented by a broker)**

| Broker (Company) **Berkshire Hathaway HomeServices The Preferred Realty** | Licensee(s) (Name) **Maureen Ditson-Fred Solman** |
|---|---|
| Company License # **RB043060C** | State License # **RS328772** |
| Company Address **Suite 300, Cranberry Twp, Pennsylvania 16066** | Direct Phone(s) **(724)776-9705** |
| | Cell Phone(s) **(814)434-5960** |
| Company Phone **(724)776-9705** | Email **mditson@TPRSold.com** |
| Company Fax **(724)776-9708** | Licensee(s) is (check only one): |
| Broker is (check only one): | [ ] Buyer Agent (all company licensees represent Buyer) |
| [X] Buyer Agent (Broker represents Buyer only) | [X] Buyer Agent with Designated Agency (only Licensee(s) named above represent Buyer) |
| [ ] Dual Agent (See Dual and/or Designated Agent box below) | [ ] Dual Agent (See Dual and/or Designated Agent box below) |

[ ] Transaction Licensee (Broker and Licensee(s) provide real estate services but do not represent Buyer)

## SELLER'S RELATIONSHIP WITH PA LICENSED BROKER

[X] **No Business Relationship (Seller is not represented by a broker)**

| Broker (Company) _____ | Licensee(s) (Name) _____ |
|---|---|
| Company License # _____ | State License # _____ |
| Company Address _____ | Direct Phone(s) _____ |
| | Cell Phone(s) _____ |
| Company Phone _____ | Email _____ |
| Company Fax _____ | Licensee(s) is (check only one): |
| Broker is (check only one): | [ ] Seller Agent (all company licensees represent Seller) |
| [ ] Seller Agent (Broker represents Seller only) | [ ] Seller Agent with Designated Agency (only Licensee(s) named above represent Seller) |
| [ ] Dual Agent (See Dual and/or Designated Agent box below) | [ ] Dual Agent (See Dual and/or Designated Agent box below) |

[ ] Transaction Licensee (Broker and Licensee(s) provide real estate services but do not represent Seller)

## DUAL AND/OR DESIGNATED AGENCY

A Broker is a Dual Agent when a Broker represents both Buyer and Seller in the same transaction. A Licensee is a Dual Agent when a Licensee represents Buyer and Seller in the same transaction. All of Broker's Licensees are also Dual Agents UNLESS there are separate Designated Agents for Buyer and Seller. If the same Licensee is designated for Buyer and Seller, the Licensee is a Dual Agent.

**By signing this Agreement, Buyer and Seller each acknowledge having been previously informed of, and consented to, dual agency, if applicable.**

Buyer Initials: _EFB_ _DJB_    ASR Page 1 of 14    Seller Initials: _SK_

**Pennsylvania Association of Realtors®**

COPYRIGHT PENNSYLVANIA ASSOCIATION OF REALTORS® 2020
rev. 11/19; rel. 1/20

*Exhibit "A"*

DocuSign Envelope ID: B690E718-30B6-410E-AE87-2D7D18309976

1    1. **By this Agreement**, dated June 24, 2020                                                                                                                ,
2    Seller hereby agrees to sell and convey to Buyer, who agrees to purchase, the identified Property.
3    2.    PURCHASE PRICE AND DEPOSITS (4-14)
4    (A) Purchase Price $ 257,500.00
5    (Two Hundred Fifty-Seven Thousand, Five Hundred
6                                                                                                                U.S. Dollars), to be paid by Buyer as follows:
7         1.   Initial Deposit, within _____ days (5 if not specified) of Execution Date,
8              if not included with this Agreement:                                              $                                                      1,000.00
9         2.   Additional Deposit within _____ days of the Execution Date:                       $
10        3.   _____                                 $
11    Remaining balance will be paid at settlement.
12    (B) **All funds paid by Buyer, including deposits, will be paid by check, cashier's check or wired funds. All funds paid by Buyer**
13        **within 30 days of settlement, including funds paid at settlement, will be by cashier's check or wired funds, but not by per-**
14        **sonal check.**
15    (C) Deposits, regardless of the form of payment, will be paid in U.S. Dollars to Broker for Seller (unless otherwise stated here: **Berkshire**
16        **Hathaway HomeServices The Preferred Realty**                                                                                    ) ,
17        who will retain deposits in an escrow account in conformity with all applicable laws and regulations until consummation or
18        termination of this Agreement. Only real estate brokers are required to hold deposits in accordance with the rules and regulations
19        of the State Real Estate Commission. Checks tendered as deposit monies may be held uncashed pending the execution of this
20        Agreement.
21    3.    SELLER ASSIST (If Applicable) (1-10)
22    Seller will pay $ _____ or _____ % of Purchase Price (0 if not specified) toward
23    Buyer's costs, as permitted by the mortgage lender, if any. Seller is only obligated to pay up to the amount or percentage which is
24    approved by mortgage lender.
25    4.    SETTLEMENT AND POSSESSION (4-14)
26    (A) Settlement Date is _____ **August 26, 2020** _____, or before if Buyer and Seller agree.
27    (B) Settlement will occur in the county where the Property is located or in an adjacent county, during normal business hours, unless
28        Buyer and Seller agree otherwise.
29    (C) At time of settlement, the following will be pro-rated on a daily basis between Buyer and Seller, reimbursing where applicable:
30        current taxes; rents; interest on mortgage assumptions; condominium fees and homeowner association fees; water and/or sewer
31        fees, together with any other lienable municipal service fees. All charges will be prorated for the period(s) covered. Seller will
32        pay up to and including the date of settlement and Buyer will pay for all days following settlement, unless otherwise stated here:
33        _____
34    (D) For purposes of prorating real estate taxes, the "periods covered" are as follows:
35        1.   Municipal tax bills for all counties and municipalities in Pennsylvania are for the period from January 1 to December 31.
36        2.   School tax bills for the Philadelphia, Pittsburgh and Scranton School Districts are for the period from January 1 to December
37             31. School tax bills for all other school districts are for the period from July 1 to June 30.
38    (E) Conveyance from Seller will be by fee simple deed of special warranty unless otherwise stated here: _____
39        _____
40    (F) Payment of transfer taxes will be divided equally between Buyer and Seller unless otherwise stated here: _____
41        _____
42    (G) Possession is to be delivered by deed, existing keys and physical possession to a vacant Property free of debris, with all structures
43        broom-clean, at day and time of settlement, unless Seller, before signing this Agreement, has identified in writing that the Property
44        is subject to a lease.
45    (H) If Seller has identified in writing that the Property is subject to a lease, possession is to be delivered by deed, existing keys and
46        assignment of existing leases for the Property, together with security deposits and interest, if any, at day and time of settlement.
47        Seller will not enter into any new leases, nor extend existing leases, for the Property without the written consent of Buyer. Buyer
48        will acknowledge existing lease(s) by initialing the lease(s) at the execution of this Agreement, unless otherwise stated in this
49        Agreement.
50        ☐ **Tenant-Occupied Property Addendum (PAR Form TOP) is attached and made part of this Agreement.**
51    5.    DATES/TIME IS OF THE ESSENCE (1-10)
52    (A) Written acceptance of all parties will be on or before: **June 25, 2020**
53    (B) The Settlement Date and all other dates and times identified for the performance of any obligations of this Agreement are of the
54        essence and are binding.
55    (C) The Execution Date of this Agreement is the date when Buyer and Seller have indicated full acceptance of this Agreement by
56        signing and/or initialing it. For purposes of this Agreement, the number of days will be counted from the Execution Date, exclud-
57        ing the day this Agreement was executed and including the last day of the time period. **All changes to this Agreement should be**
58        **initialed and dated.**
59    (D) The Settlement Date is not extended by any other provision of this Agreement and may only be extended by mutual written agree-
60        ment of the parties.
61    (E) Certain terms and time periods are pre-printed in this Agreement as a convenience to the Buyer and Seller. All pre-printed terms
62        and time periods are negotiable and may be changed by striking out the pre-printed text and inserting different terms acceptable
63        to all parties, except where restricted by law.

64    Buyer Initials: [EFB] [DJB]                    **ASR Page 2 of 14**                    Seller Initials [SE]
                                                                                                            DS
                                   Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com
                                                                                                            Behr

DocuSign Envelope ID: B690E718-30B6-410E-AE87-2D7D183699A0

**6.  ZONING (4-14)**

Failure of this Agreement to contain the zoning classification (except in cases where the property {and each parcel thereof, if subdividable} is zoned solely or primarily to permit single-family dwellings) will render this Agreement voidable at Buyer's option, and, if voided, any deposits tendered by the Buyer will be returned to the Buyer without any requirement for court action.

**Zoning Classification, as set forth in the local zoning ordinance:** <u>RESIDENTIAL</u>

**7.  FIXTURES AND PERSONAL PROPERTY (1-20)**

(A)  It is possible for certain items of personal property to be so integrated into the Property that they become fixtures and will be regarded as part of the Property and therefore included in a sale. Buyer and Seller are encouraged to be specific when negotiating what items will be included or excluded in this sale.

(B)  INCLUDED in this sale, unless otherwise stated, are all existing items permanently installed in or on the Property, free of liens, and other items including plumbing; heating; gas fireplace logs; radiator covers; hardwired security systems; thermostats; lighting fixtures (including chandeliers and ceiling fans); pools, spas and hot tubs (including covers and cleaning equipment); electric animal fencing systems (excluding collars); garage door openers and transmitters; mounting brackets and hardware for television and sound equipment; unpotted shrubbery, plantings and trees; smoke detectors and carbon monoxide detectors; sump pumps; storage sheds; fences; mailboxes; wall to wall carpeting; existing window screens, storm windows and screen/storm doors; window covering hardware (including rods and brackets), shades and blinds; awnings; central vacuum system (with attachments); built-in air conditioners; built-in appliances; the range/oven; dishwashers; trash compactors; any remaining heating and cooking fuels stored on the Property at the time of settlement; and, if owned, solar panels, windmills, water treatment systems, propane tanks and satellite dishes. Unless stated otherwise, the following items are included in the sale, at no additional cost: **Auto Door on Garage, Dishwasher, Disposal, Electric Stove, Kitchen Island, Microwave Oven, Multi-Pane Windows, Refrigerator, Security System, Wall to Wall Carpet, Washer/dryer, awning over deck**

(C)  The following items are not owned by Seller and may be subject to a lease or other financing agreement. Contact the provider/vendor for more information (e.g., solar panels, windmills, water treatment systems, propane tanks and satellite dishes): _____ _____

(D)  EXCLUDED fixtures and items: _____ _____

**8.  MORTGAGE CONTINGENCY (10-18)**

☐  WAIVED. This sale is NOT contingent on mortgage financing, although Buyer may obtain mortgage financing and/or the parties may include an appraisal contingency.

☒  ELECTED.

(A)  This sale is contingent upon Buyer obtaining mortgage financing according to the following terms:

| First Mortgage on the Property | Second Mortgage on the Property |
|---|---|
| Loan Amount $ **252,836.00** | Loan Amount $ _____ |
| Minimum Term ____**30**____ years | Minimum Term _____ years |
| Type of mortgage **PHFHA** | Type of mortgage _____ |
| For conventional loans, the Loan-To-Value (LTV) ratio is not to exceed __**97.500**__ % | For conventional loans, the Loan-To-Value (LTV) ratio is not to exceed _____ % |
| Mortgage lender **Union Savings Bank** | Mortgage lender _____ |
| Interest rate __**3.625**__ %; however, **Buyer agrees to accept the interest rate as may be committed by the mortgage lender**, not to exceed a maximum interest rate of __**3.950**__ %. | Interest rate _____ %; however, **Buyer agrees to accept the interest rate as may be committed by the mortgage lender**, not to exceed a maximum interest rate of _____ %. |
| Discount points, loan origination, loan placement and other fees charged by the lender as a percentage of the mortgage loan (excluding any mortgage insurance premiums or VA funding fee) not to exceed _____ % (0% if not specified) of the mortgage loan. | Discount points, loan origination, loan placement and other fees charged by the lender as a percentage of the mortgage loan (excluding any mortgage insurance premiums or VA funding fee) not to exceed _____ % (0% if not specified) of the mortgage loan. |

(B)  Upon receiving documentation demonstrating lender's approval, whether conditional or outright, of Buyer's mortgage application(s) according to the terms set forth above, Buyer will promptly deliver a copy of the documentation to Seller, but in any case no later than _____**August 21, 2020**_____ .

1.  If Seller does not receive a copy of the documentation demonstrating lender's conditional or outright approval of Buyer's mortgage application(s) by the date indicated above, Seller may terminate this Agreement by written notice to Buyer. Seller's right to terminate continues until Buyer delivers documentation demonstrating lender's conditional or outright approval of Buyer's mortgage application(s) to Seller. Until Buyer terminates this Agreement pursuant to this Paragraph, Buyer must continue to make a good faith effort to obtain mortgage financing.

2.  Seller may terminate this Agreement by written notice to Buyer after the date indicated above if the documentation demonstrating lender's conditional or outright approval of Buyer's mortgage application(s):

    a.  Does not satisfy the terms of Paragraph 8(A), OR

    b.  Contains any condition not specified in this Agreement (e.g., Buyer must settle on another property, an appraisal must be received by the lender, or the approval is not valid through the Settlement Date) that is not satisfied and/or removed in writing by the mortgage lender(s) within __7__ DAYS after the date indicated in Paragraph 8(B), or any extension thereof, other than those conditions that are customarily satisfied at or near settlement (e.g., obtaining insurance, confirming employment).

3.  If this Agreement is terminated pursuant to Paragraphs 8(B)(1) or (2), or the mortgage loan(s) is not obtained for settlement,

DocuSign Envelope ID: B690E718-30B6-410E-AE87-2D7D183059AB

129    all deposit monies will be returned to Buyer according to the terms of Paragraph 26 and this Agreement will be VOID. Buyer
130    will be responsible for any costs incurred by Buyer for any inspections or certifications obtained according to the terms of this
131    Agreement, and any costs incurred by Buyer for: (1) Title search, title insurance and/or mechanics' lien insurance, or any fee
132    for cancellation; (2) Flood insurance, fire insurance, hazard insurance, mine subsidence insurance, or any fee for cancellation;
133    (3) Appraisal fees and charges paid in advance to mortgage lender(s).

134  (C) The Loan-To-Value ratio (LTV) is used by lenders as one tool to help assess their potential risk of a mortgage loan. A particular
135    LTV may be necessary to qualify for certain loans, or buyers might be required to pay additional fees if the LTV exceeds a spe-
136    cific level. The appraised value of the Property may be used by lenders to determine the maximum amount of a mortgage loan.
137    The appraised value is determined by an independent appraiser, subject to the mortgage lender's underwriter review, and may be
138    higher or lower than the Purchase Price and/or market price of the property.

139  (D) The interest rate(s) and fee(s) provisions in Paragraph 8(A) are satisfied if the mortgage lender(s) gives Buyer the right to guarantee
140    the interest rate(s) and fee(s) at or below the maximum levels stated. If lender(s) gives Buyer the right to lock in the interest rate(s),
141    Buyer will do so at least ____15____ days before Settlement Date. Buyer gives Seller the right, at Seller's sole option and as permitted
142    by law and the mortgage lender(s), to contribute financially, without promise of reimbursement, to Buyer and/or the mortgage
143    lender(s) to make the above mortgage term(s) available to Buyer.

144  (E) Within ____20____ days (7 if not specified) from the Execution Date of this Agreement, Buyer will make a completed mortgage appli-
145    cation (including payment for and ordering of credit reports without delay) for the mortgage terms and to the mortgage lender(s)
146    identified in Paragraph 8(A), if any, otherwise to a responsible mortgage lender(s) of Buyer's choice. Broker for Buyer, if any,
147    otherwise Broker for Seller, is authorized to communicate with the mortgage lender(s) to assist in the mortgage loan process.
148    Broker for Seller, if any, is permitted to contact the mortgage lender(s) at any time to determine the status of the mortgage loan
149    application.

150  (F) **Buyer will be in default of this Agreement if Buyer furnishes false information** to anyone concerning Buyer's financial and/
151    or employment status, fails to cooperate in good faith with processing the mortgage loan application (including payment for and
152    ordering of appraisal without delay), fails to lock in interest rate(s) as stated in Paragraph 8(D), or otherwise causes the lender to
153    reject, or refuse to approve or issue, a mortgage loan commitment.

154  (G) If the mortgage lender(s), or a property and casualty insurer providing insurance required by the mortgage lender(s), requires
155    repairs to the Property, Buyer will, upon receiving the requirements, deliver a copy of the requirements to Seller. Within ____5____
156    DAYS of receiving the copy of the requirements, Seller will notify Buyer whether Seller will make the required repairs at Seller's
157    expense.

158    1.  If Seller makes the required repairs to the satisfaction of the mortgage lender and/or insurer, Buyer accepts the Property and
159        agrees to the RELEASE in Paragraph 28 of this Agreement.

160    2.  If Seller will not make the required repairs, **or if Seller fails to respond within the stated time,** Buyer will, within ____5____
161        DAYS, notify Seller of Buyer's choice to:

162        a.  Make the repairs/improvements at Buyer's expense, with permission and access to the Property given by Seller, which
163           will not be unreasonably withheld (Seller may require that Buyer sign a pre-settlement possession agreement such as the
164           Pre-Settlement Possession Addendum [PAR Form PRE], which shall not, in and of itself, be considered unreasonable), OR
165        b.  Terminate this Agreement by written notice to Seller, with all deposit monies returned to Buyer according to the terms of
166           Paragraph 26 of this Agreement.

167    **If Buyer fails to respond** within the time stated in Paragraph 8(G)(2) or fails to terminate this Agreement by written notice
168    to Seller within that time, **Buyer will accept the Property,** make the required repairs/improvements at Buyer's expense and
169    agree to the RELEASE in Paragraph 28 of this Agreement.

170  **FHA/VA, IF APPLICABLE**

171  (H) It is expressly agreed that notwithstanding any other provisions of this contract, Buyer will not be obligated to complete the pur-
172    chase of the Property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless Buyer
173    has been given, in accordance with HUD/FHA or VA requirements, a written statement by the Federal Housing Commissioner,
174    Veterans Administration, or a Direct Endorsement Lender setting forth the appraised value of the Property of not less than
175    $ _257,500.00_ (the Purchase Price as stated in this Agreement). Buyer will have the privilege and option of
176    proceeding with consummation of the contract without regard to the amount of the appraised valuation. The appraised valuation
177    is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does
178    not warrant the value nor the condition of the Property. Buyer should satisfy himself/herself that the price and condition of the
179    Property are acceptable.

180    **Warning:** Section 1010 of Title 18, U.S.C., Department of Housing and Urban Development and Federal Housing
181    Administration Transactions, provides, "Whoever for the purpose of influencing in any way the action of such Department,
182    makes, passes, utters or publishes any statement, knowing the same to be false shall be fined under this title or imprisoned not
183    more than two years, or both."

184  (I) **U.S. Department of Housing and Urban Development (HUD) NOTICE TO PURCHASERS: Buyer's Acknowledgement**
185    [X] Buyer has received the HUD Notice "For Your Protection: Get a Home Inspection." Buyer understands the importance of
186        getting an independent home inspection and has thought about this before signing this Agreement. Buyer understands that
187        FHA will not perform a home inspection nor guarantee the price or condition of the Property.

188  (J) **Certification** We the undersigned, Seller(s) and Buyer(s) party to this transaction each certify that the terms of this contract
189    for purchase are true to the best of our knowledge and belief, and that any other agreement entered into by any of these parties
190    in connection with this transaction is attached to this Agreement.

191  Buyer Initials: _EFB_ _DJB_        **ASR Page 4 of 14**        Seller Initials: _SB_

DocuSign Envelope ID: B690E718-30B6-410E-AE87-2D7D183099A0

762  **32.  SPECIAL CLAUSES (1-10)**
763      (A)  **The following are attached to and made part of this Agreement if checked:**
764          ☐  Sale & Settlement of Other Property Contingency Addendum (PAR Form SSP)
765          ☐  Sale & Settlement of Other Property Contingency with Right to Continue Marketing Addendum (PAR Form SSPCM)
766          ☐  Sale & Settlement of Other Property Contingency with Timed Kickout Addendum (PAR Form SSPTKO)
767          ☐  Settlement of Other Property Contingency Addendum (PAR Form SOP)
768          ☒  Appraisal Contingency Addendum (PAR Form ACA)
769          ☐  Short Sale Addendum (PAR Form SHS)
770          ☒  **Addendum 1 - see attached** _____
771          ☐  _____
772          ☐  _____
773      (B)  **Additional Terms:**
774          1.The Seller agrees to purchase a 2-10 Home Warranty for the Buyer at the time of closing. Cost not to exceed $599.
775
776
777
778
779
780
781
782
783
784
785
786
787

788  Buyer and Seller acknowledge receipt of a copy of this Agreement at the time of signing.

789  **This Agreement may be executed in one or more counterparts,** each of which shall be deemed to be an original and which counterparts
790  together shall constitute one and the same Agreement of the Parties.

791  **NOTICE TO PARTIES: WHEN SIGNED, THIS AGREEMENT IS A BINDING CONTRACT.** Parties to this transaction are
792  advised to consult a Pennsylvania real estate attorney before signing if they desire legal advice.

793  Return of this Agreement, and any addenda and amendments, including **return by electronic transmission**, bearing the signatures of all
794  parties, constitutes acceptance by the parties.

795  [EFB] [DJB]    Buyer has received the Consumer Notice as adopted by the State Real Estate Commission at 49 Pa. Code §35.336.

796  [EFB] [DJB]    Buyer has received a statement of Buyer's estimated closing costs before signing this Agreement.

797  _____    Buyer has received the Deposit Money Notice (for cooperative sales when Broker for Seller is holding deposit money)
798          before signing this Agreement.

799  _____    Buyer has received the Lead-Based Paint Hazards Disclosure, which is attached to this Agreement of Sale. Buyer has
800          received the pamphlet Protect Your Family from Lead in Your Home (for properties built prior to 1978).

801  **BUYER** _Edward F Behr_____  **DATE** _6/24/2020  |  6:50 AM PDT_
          Edward F Behr
802  **BUYER** _Diane J Behr_____  **DATE** _6/24/2020  |  6:51 AM PDT_
          Diane J Behr
803  **BUYER** _____  **DATE** _____

804  Seller has received the Consumer Notice as adopted by the State Real Estate Commission at 49 Pa. Code §35.336.
805  Seller has received a statement of Seller's estimated closing costs before signing this Agreement.

806  **SELLER** _Susan Koerner_____  **DATE** _6/24/2020  |  8:43 AM PDT_
          Susan Koerner
807  **SELLER** _____  **DATE** _____
808  **SELLER** _____  **DATE** _____

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                Behr

DocuSign Envelope ID: B690E718-30B6-410E-AE87-2D7D18S699A0



June 24, 2020

Edward F Behr

RE:  MORTGAGE  LENDER PRE-QUALIFICATION

On behalf of all of us at Union Savings Bank, it is a pleasure to inform you that you have been **pre-qualified for a mortgage towards a home purchase with**:

## Price: 265,000

### PHFAFHA Loan/
### Must have trustee from bankruptcy approved purchase

**Subject Property Address:**


This pre-qualification DOES not   require the sale of real estate currently owned by you.  This pre-qualification is based solely on credit information obtained from at least two of the three major credit bureaus, estimated figures, data provided by you, and information available at the time of preparation.  Loan qualification is based on the investigation of credit trade lines, documents received, and subject property.  Union Savings Bank reserves the right to change and/or add any conditions to this qualification based on this investigation.  This pre-qualification expires sixty (60) days from the date of this Pre-Qualification or expires immediately if there is any material change in the information provided.

Occupying subject property prior to closing will void this pre-qualification.

We will be in constant communication throughout the mortgage process.  Please feel free to call me anytime with questions you may have.

Yours truly,


Mortgage Lender

CC:


Union Savings Bank
Pittsburgh Office
5556 William Flynn Hwy
Gibsonia, PA 15044

Phone: 724-443-0522
412-913-0756
Fax: 412-443-0729
https://www.usavingsbank.com/

DocuSign Envelope ID: B690E718-30B6-410E-AE87-2D7D185959AD

## ADDENDUM/ENDORSEMENT TO AGREEMENT OF SALE

ASA

1  **PROPERTY 608 Vilage Green Blvd E Mars, PA 16046**
2       **Mars, PA  16046**
3  **SELLER Susan Koerner**
4  **BUYER Edward F Behr, Diane J Behr**
5  **DATE OF AGREEMENT June 24, 2020**
6
7  **In order for buyer to obtain a mortgage loan to purchase a house, we would need to file a Motion with the Court to obtain**
8  **approval from the Judge. This will take approximately 40 days to have the Judge schedule a hearing. Also, the Motion**
9  **filed with the Court would need to include all of the information regarding the new mortgage, such as amount being**
10 **borrowed, interest rate, monthly payment, etc.    Thank you, Ken Steidl**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37  All other terms and conditions of the Agreement of Sale remain unchanged and in full force and effect.
38
39  WITNESS _____   BUYER *Edward F Behr*   DATE 6/24/2020 | 6:50
40                                         Edward F Behr
41
42  WITNESS _____   BUYER *Diane J Behr*   DATE 6/24/2020 | 6:51
43                                         Diane J Behr
44
45  WITNESS _____   BUYER _____   DATE _____
46
47                                                                  6/24/2020 | 8:43 A
48  WITNESS _____   SELLER *Susan Koerner*   DATE _____
49                                         Susan Koerner
50
51  WITNESS _____   SELLER _____   DATE _____
52
53
54  WITNESS _____   SELLER _____   DATE _____
55

**Pennsylvania Association of REALTORS®**

COPYRIGHT PENNSYLVANIA ASSOCIATION OF REALTORS® 1993
6/91

Berkshire Hathaway HomeServices The Preferred Realty, 9840 Old Perry Hwy Wexford PA 15090          Phone: 8144345960          Fax:          Behr
Maureen Ditson                Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com