IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | |
|    Edward Behr | : | Case No. 17-23718 TPA |
|    Diane Behr | : | Chapter 13 |
|       Debtors | : | Document No. |
| | : | |
| Edward Behr | : | |
| Diane Behr | : | |
|    Movants | : | |
| | : | |
| vs. | : | |
| | : | |
| CMG Mortgage | : | |
|    Respondents | : | |

**MOTION TO ENFORCE THE AUTOMATIC STAY TOGETHER WITH A REQUEST FOR A FINDING OF CONTEMPT, THE PAYMENT OF ATTORNEY'S FEES AND SANCTIONS UNDER 11 U.S.C. §362 (K) AND A REQUEST FOR AN EMERGENCY HEARING**

AND NOW, come the Debtors, Edward and Diane Behr, by and through their attorney, Kenneth Steidl, and Steidl and Steinberg, P.C., and respectfully represents as follows:

1) This case was initially commenced when the Debtors filed a chapter 7 bankruptcy case on September 15, 2017, that was later converted to a chapter 13 case by the Order of Court dated November 2, 2017.

2) On June 26, 2020, the Debtors file a Motion to Obtain a Mortgage Loan to Purchase Real Estate with Union Savings Bank. The Order approving the Motion was entered on July 22, 2020 at docket number 61. The Order clearly includes language that indicated that these Debtors were in an active bankruptcy and that an amended plan was to be filed that included the new mortgage loan as part of the bankruptcy case.

3) In accordance with the Order, Debtor's counsel prepared, filed, and served a Report of Financing for the new mortgage loan together with an Amended Plan providing for the new loan. Payment. The Report of Financing was filed and served on September 1, 2020, and the Amended Plan was served on September 4, 2020.

4) Counsel for the Debtor prepared and circulated an adequate protection order that allowed for the expeditious implementation and payment of the Debtors' monthly mortgage payments to Union Savings Bank. That Order was presented to this Honorable Court for signature and was entered on September 10, 2020 at docket number 73.

5) After the adequate protection order was entered, the Debtors were notified that the mortgage had been sold from Union Savings Bank to CMG Mortgage and that the first

payment, due on October 1, 2020, would be paid to CMG Mortgage. Counsel for the Debtor immediately prepared and circulated an amended adequate protection order that allowed for the expeditious implementation and payment of the Debtors' monthly mortgage payments. That Order was presented to this Honorable Court for signature and was entered on September 25, 2020 at docket number 76.

6) In addition, the Report of Financing was also amended to provide for the updated mortgage holder information and explain the transfer of the loan to keep the record in this case clear. The Amended Report was filed on September 29, 2020, at docket number 78.

7) The confirmation order for the amended plan was entered on October 9, 2020, at docket number 80.

8) The Trustee started immediate distribution of the funds effective October 2020 and those payments have continued to CMG on a monthly basis. An accounting of payments tendered by the Chapter 13 Trustee for this loan is attached hereto, made a part hereof, and labeled Exhibit "A".

9) The Debtors then received notice from CMG that the monthly payments should be directed to a different payment address.

10) Counsel for the Debtors then filed a Notice of Change of Address for CMG Mortgage at docket number 87 on December 4, 2020.

11) CMG has been added to the case mailing matrix.

12) Even though CMG has received numerous, timely payments made by the Chapter 13 Trustee, CMG refuses to reflect that any payments have been made on this loan, and they have repeatedly notified the Debtors that the payments are due and owing from October 2020 to the present.

13) The Debtors have received numerous, threatening, and harassing letters from CMG regarding the status of the loan, including a Notice of Intention to Foreclose.

14) The Debtors notified CMG that the loan was being paid through an open and active chapter 13 bankruptcy case during their repeated, daily phone calls with CMG. CMG willfully ignored this information.

15) The Debtors sent CMG a certified letter regarding their bankruptcy status. CMG willfully failed to head this letter. A Copy of the letter sent by the Debtors is attached hereto, made a part hereof, and labeled Exhibit "B".

16) On December 22, 2020, the Debtors received a notice from CMG Mortgage indicating their Notice of Intent to Foreclose. A copy of that Notice is attached hereto, made a part hereof, and labeled Exhibit "C".

17) On January 5, 2021, Counsel for the Debtor once again contacted CMG via First Class Mail, U.S.P.S., Certified Mail, and Facsimile with copies of an identical letter that explained yet again that the Debtors were in bankruptcy and that all payments were being made by the trustee and the payments were current.  The letter had a response deadline of January 18, 2021.  No response has been received.  A copy of the letter from Steidl and Steinberg to CMG Mortgage is attached hereto, made a part here of, and labeled Exhibit "D".

18) The fax receipt showing that CMG received the aforementioned letter is attached hereto, made a part hereof, and labeled Exhibit "E".

19) The certified mail return cards showing that CMG Mortgage received the certified letter sent by Steidl and Steinberg is attached hereto, made a part hereof, and labeled Exhibit "F".

20) CMG has been notified on multiple occasion of the existence of this bankruptcy filing and the consequences of CMG continues its willful and malicious behavior.

21) Instead of correcting their records and properly crediting payments made by the trustee, CMG continues to harass the Debtors in this case.  In addition to sending numerous letters, they are also emailing the Debtors, and they place telephone calls to the Debtors almost every single day, with the knowledge that they are willfully violating the bankruptcy stay in this case.

22) Instead of correcting their records and properly crediting payments made by the trustee as requested in the detailed letter sent on January 5, 2021, CMG has continued to willfully and malicious violated the bankruptcy stay in this case.

23) In addition, CMG Mortgage takes this loan with the knowledge of the previous servicer, Union Savings Bank, who was also aware of the bankruptcy case.

24) The Debtors remain totally current with their chapter 13 plan payments and the plan is funded through a wage attachment.

25) The Debtors have also been made aware of the fact that CMG is negatively reporting on their credit.

26) The Debtors have done everything that they are required to do and CMG still refuses to accurately credit payments that they are cashing, which makes the Debtors wonder where the money is being applied and what CMG is doing with the monthly payments.

27) CMG has willfully, maliciously, and repeatedly violated the Automatic Stay in this case by repeatedly harassing the Debtors and threatening them with foreclosure in the home that they live in with their minor child. The behavior has caused the Debtors extreme

stress and worry in a period of their life that should be filled with happiness- the court approved purchase of their own home.

28) Under 11 USC § 362(k), a Debtor who is injured by the willful and knowing violation of the automatic stay can be awarded actual damages. The Debtors have been harmed because additional legal fees need to be assessed to prevent the Debtors from potentially losing their home. This would not be an issue if CMG had updated their records any time since October 2020. The Debtors are at risk for negative credit reporting which goes directly against one of the main, fundamental goals of the bankruptcy code- the "fresh start".

29) The Debtors have suffered actual harm because late fees are being assessed against the Debtors and negative notations are being made against their credit.

30) This behavior is doubtlessly willful, malicious, and purposeful because it is repetitive and has not been corrected when brought to the attention of CMG, even though CMG has had months, and multiple opportunities to correct their records.

31) The Debtors are requesting reimbursement of legal fees to date of $4,000.00 and sanctions of $4,000.00 for this motion to enforce, as CMG has made this Motion a necessity through their willful behavior and blatant refusal to correct their records and properly apply payments that they are accepting, even after repeated attempts at correcting the matter. The Debtors have been terrorized by the threats of foreclosure, which are occurring in a world already full of economic uncertainty and their payments are not being properly applied.

32) Damages related to the intentional infliction of emotional distress can be awarded by a court when it can be demonstrated that the behavior of the creditor directly caused the actual emotional harm. (*In Re: Lansaw*, J-S24010-14 (Pa. Super. Ct. Jun. 6, 2017)). 44) The Debtors have been directly harmed by the behavior of CMG and its repetitive unwillingness to fix their accounts and the continual harassing behavior that CMG has shown by repeatedly calling the Debtors and sending them threatening mail. The Debtors have suffered severe anxiety, and have spent time trying to make good faith, ongoing mortgage payments that have been accepted by CMG but not properly credited.

33) The legal issue here is CMG's failure to comply with multiple requests and provisions of information. The failure is willful as is evidenced by its repetitive nature and there is no doubt as to the misbehavior and willful ignorance on the part of CMG.

34) In this Case, the Debtors have done everything that they have been required to do under the goals of the plan to pay their ongoing mortgage obligation, their counsel did

everything that they were required to do to zealously defend the Debtors and propose an achievable plan.  The party not cooperating is CMG and their repeated failure to properly keep, and update, their records.

35) The Debtors also request that CMG be ordered to immediately correct the records for this loan, apply the payments properly, remove any late fees and penalties applied to the loan, and provide proof of same and remove any and all negative statements from the Debtors' credit reports.

### REQUEST FOR EMERGENCY HEARING

36) The Allegations set forth in paragraphs 1 through 35 of this Motion are incorporated herein as if set forth in their entirety.

37) Pursuant to the provision of Local Rule 9013-2, the Debtors request an emergency hearing on this matter for the following reasons:

   a. **The Debtors are current with their plan payments and have met every deadline established by this Honorable Court in a timely manner.**

   b. **The Debtors are at risk of potentially damaging collection practices, including the assessment of late fees, the filing of a foreclosure action, and negative credit reporting because CMG has refused to properly acknowledge or apply payments that they have received for the Debtors' mortgage loan.**

   c. **An emergency hearing is necessary to prevent the Debtors from suffering any additional harm at the hands of this mortgage company, as well as attempting to stifle the numerous threatening communications that the Debtors are receiving from the mortgage company- especially because the mortgage company is now threatening to move forward with foreclosure proceedings.**

   d. **The need for an emergency hearing has not been caused by any lack of due diligence by the Debtors or their counsel but has been brought on by circumstances beyond the Debtors' control.**

WHEREFORE, the Debtors, Edward and Diane Behr, respectfully request that this Honorable Court prevent CMG mortgage from contacting the Debtors with collection attempts while the Debtors are in an active bankruptcy, order CMG Mortgage to immediately correct any negative credit reporting and provide proof of same, remove any late fees that may have been assessed against the loan, properly credit payments made for this loan and provided an updated loan history, order the payments of attorney's fees and sanctions to Steidl and Steinberg, P.C.,

totaling $4,000.00 and payment of $4,000.00 to Edward and Diane Behr together with any other remedy that this Honorable Court deems to be equitable and just.

                                        Respectfully submitted,

January 21, 2021                              By:/s/ Kenneth Steidl
                                                Kenneth Steidl, Esquire
                                                Attorney for the Debtors
                                                STEIDL & STEINBERG
                                                Suite 2830-Gulf Tower, 707 Grant Street
                                                Pittsburgh, PA 15219
                                                (412) 391-8000
                                                PA I.D. No.:    34965
                                                ken.steidl@steidl-steinberg.com